UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADRIENNE ELEANOR BROWN                    CIVIL ACTION

VERSUS                                    NO. 19-10822

SOCIAL SECURITY ADMINISTRATION            SECTION "G" (3)

REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely. [Doc. #11]. Plaintiff has filed no opposition to the motion in accordance with the local rules of this Court. For the following reasons, IT IS RECOMMENDED that the Commissioner's motion to dismiss be GRANTED and plaintiff's case be DISMISSED WITHOUT PREJUDICE.

I.   Bsckground

Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Both applications were denied at the initial and reconsideration levels, and then by an Administrative Law Judge ("ALJ") on January 30, 2018. [Doc. #11-2 at p. 3]. Plaintiff appealed to the Appeals Council, which denied her request for review on November 30, 2018. [*Id.*].

The November 30, 2018 denial by the Appeals Council rendered the ALJ's decision the "final decision" of the Commissioner, giving rise to judicial review within 60 days of receipt of that denial by plaintiff. Because plaintiff did not file this lawsuit until May 30, 2019, the Commissioner now asks the Court to dismiss her complaint as untimely.

II.  Law and Analysis

   A.   Timeliness of Plaintiff's Appeal

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's

jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) & *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941)); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987). Congress may prescribe the procedures and conditions under which judicial review of administrative orders may be obtained. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Judicial review of final decisions on claims arising under Title XVI of the Social Security Act ("SSA") is provided for, and limited by, Sections 205(g) and (h) of the SSA, 42 U.S.C. §§ 405(g), (h). The remedy provided by Section 205(g) is exclusive under the SSA. The relevant provisions of Sections 205(g) and (h) read as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

*Id.*

According to the above-quoted provisions of the SSA, the only civil action permitted on a claim arising under Title II or Title XVI of the SSA is an action to review the "final decision of the Commissioner made after a hearing . . . ," and that such action must be "commenced within sixty days after the mailing to him [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow." *Id.*

The Commissioner, by regulations published December 9, 1976 in the Federal Register, 41

2

F.R. 53792, 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of a request for review of the presiding officer's decision or of the Appeals Council's decision. 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date on the notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c). Here, there is no evidence in the record that plaintiff made such a showing made to the Appeals Council. [Doc. #11-2].

The 60-day statute of limitations period provided by Congress in section 205(g) of the Social Security Act serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Fifth Circuit has repeatedly upheld the 60-day time limitation. *See e.g., Flores v. Sullivan*, 945 F.2d 109, 111-13 (5th Cir. 1991); *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987); *Thibodeaux ex rel. Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (per curiam). Because the Appeals Council issued its final ruling on November 30, 2018, plaintiff's complaint in this Court must have been filed around approximately January 30, 2019 (give or take the five-day presumptive notice period for receipt of the Appeals Council's decision). Plaintiff did not file her complaint until May 30, 2019, well after the filing's due date. Plaintiff's lawsuit is thus untimely.

### B.     Equitable Tolling

In *Califano v. Sanders*, 430 U.S. 99, 108 (1977), the Supreme Court stated that "the congressional purpose, plainly evidenced in section 205(g), [was to] impose a 60 day limitation upon judicial review of the Commissioner's final decision . . . ." Conditions on the waiver of sovereign immunity must be strictly construed. *City of New York*, 476 U.S. at 479; *Block v. North*

3

*Dakota*, 461 U.S. 273, 287 (1983).

In *City of New York*, the Supreme Court ruled that the 60-day period specified in section 205(g) of the Social Security Act is a period of limitation that – in rare cases – can be tolled by the Commissioner or the courts. However, the Supreme Court further explained that, in most cases, the Commissioner should make the determination whether to extend the 60-day period, and that only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate," should the courts extend the period. *City of New York*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)); *see also Barrs v. Sullivan*, 906 F.2d 120, 121 (5th Cir. 1990).

There is no evidence in the record or the declaration attached to this motion to dismiss [Doc. #11-2] that reveal any extraordinary circumstances or equities that would render equitable tolling – at least by this Court – appropriate here.

### III.    CONCLUSION

Accordingly, for the reasons outlined above,

**IT IS RECOMMENDED** that the Commissioner's motion to dismiss [Doc. #11] be GRANTED and plaintiff's case be DISMISSED WITHOUT PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 28th day of August, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**