UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADRIENNE ELEANOR BROWN                           CIVIL ACTION

VERSUS                                           NO. 19-10822

SOCIAL SECURITY ADMINISTRATION                   SECTION "G"(3)

## ORDER AND REASONS

In this litigation Plaintiff Adrienne Eleanor Brown ("Plaintiff") seeks review pursuant to 42. U.S.C. § 405(g) of a final decision of Defendant Andrew Saul, Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for disability insurance benefits ("DIB") supplemental security income ("SSI") under the Social Security Act (the "Act").[1] Currently pending before the Court is Defendant's "Motion to Dismiss the Plaintiff's Complaint as Untimely," seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[2] This matter was referred to the United States Magistrate Judge pursuant to Local Rule 73.1 to prepare a Report and Recommendation. The Magistrate Judge recommended that this Court grant the motion and dismiss the Complaint for lack of subject matter jurisdiction.[3] Neither party filed objections to the Report and Recommendation. Having considered the Complaint, the motion to dismiss, the record, and the applicable law, the Court will adopt the Report and Recommendation in part and dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 11.

[3] Rec. Doc. 12.

## I. Background

On May 30, 2019, Plaintiff filed a complaint in this Court against the Social Security Administration, seeking review of a final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for DIB and SSI.[4] On August 8, 2019, Defendant filed the instant "Motion to Dismiss the Plaintiff's Complaint as Untimely," asserting that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[5] Plaintiff did not file an opposition to the motion to dismiss.

On August 29, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that the motion to dismiss be granted and the case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[6] Specifically, the Magistrate Judge found that the Complaint was not timely filed within 60 days after the mailing of notice to Plaintiff of a final decision by the Commissioner.[7] Additionally, the Magistrate Judge determined that Plaintiff was not entitled to equitable tolling of the limitations period.[8]

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to object to the recommendation.[9] To date, no objections have been filed.

## II. Standard of Review

In accordance with Local Rule 73.2, this case was referred to a Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 11.

[6] Rec. Doc. 4.

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] 28 U.S.C. § 636(b)(1).

disposition" of a magistrate judge on a dispositive matter.[10] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[11] A district court's review is limited to plain error of parts of the report which are not properly objected to.[12]

### III. Law and Analysis

Defendant seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[13] The Magistrate Judge recommended that this Court grant the motion and dismiss the Complaint pursuant to Rule 12(b)(1).[14] Neither party objects to the recommendation. Accordingly, this Court's review is limited to plain error.

Section 205(g) of the Social Security Act permits judicial review of a "final decision of the Commissioner made after a hearing," and it requires any individual seeking court review to file suit "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow."[15] The Commissioner, by regulations published December 9, 1976, has interpreted "mailing" as the date of receipt by the individual of the Social Security Appeals Council's notice of denial of a request for review of the presiding officer's decision or of the Appeals Council's decision.[16] The date of receipt is presumed to be five days after the date on the notice, unless the plaintiff can show that he did not receive the notice within the five-day

---

[10] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[11] *Id.*

[12] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[13] Rec. Doc. 11.

[14] Rec. Doc. 12.

[15] 42 U.S.C. § 405(g).

[16] 20 C.F.R. § 404.981.

3

period.[17] The regulations also provide that the Commissioner will extend the limitation period for a claimant who fails timely to bring suit where the claimant demonstrates "good cause," in writing, for his delay.[18]

Here, Plaintiff attaches a copy of the Social Security Appeals Council's notice of decision to the Complaint.[19] That notice is dated November 30, 2018.[20] Accordingly, pursuant to the regulations, Plaintiff is presumed to have received the notice on December 5, 2018, and she had 60 days to seek review before this Court. Plaintiff did not file the Complaint until May 30, 2019, nearly six months later.[21] Therefore, the Complaint was not timely filed.

The Supreme Court has held that the doctrine of equitable tolling may be applied to the sixty-day limitations period.[22] The Supreme Court further explained that, in most cases, the Commissioner should make the determination whether to extend the 60-day period, and that only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate," should the courts extend the period.[23] Plaintiff has not demonstrated any extraordinary circumstances or equities that would render equitable tolling appropriate here.

---

[17] 20 C.F.R. §§ 404.901, 422.210(c).

[18] 20 C.F.R. § 404.982.

[19] Rec. Doc. 1-2 at 1.

[20] *Id.*

[21] Rec. Doc. 1.

[22] *See Bowen v. City of New York*, 476 U.S. 467 (1986).

[23] *Id.* at 480.

Finally, the Court notes that the Commissioner seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[24] However, both the Supreme Court and the Fifth Circuit have repeatedly held that that "[t]he time requirement [for judicial review of the Commissioner's decision] is a statute of limitation, not a jurisdictional bar, and may be waived."[25] Therefore, the Fifth Circuit has found that a motion to dismiss filed by the Commissioner of Social Security seeking dismissal on timeliness grounds invokes Rule 12(b)(6), not Rule 12(b)(1).[26] Accordingly, the Fifth Circuit instructs that a district court must evaluate such a motion under the more appropriate Rule 12(b)(6) standard.[27] Additionally, the Court notes that although Defendant purportedly filed the instant motion pursuant to Rule 12(b)(1), Defendant requests that the action be dismissed with prejudice.[28] Dismissals pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction are without prejudice,[29] whereas dismissals pursuant to Rule 12(b)(6) for failure to state a claim are with prejudice.[30] Therefore, it is appropriate to consider the instant motion under a Rule 12(b)(6) standard.

---

[24] Rec. Doc. 11-1.

[25] *Thibodeaux by Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (citing *Triplett v. Heckler*, 767 F.2d 210, 211 (5th Cir. 1985)). *See also Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975).

[26] *Triplett*, 767 F.2d at 211–12 (citing *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983) (per curiam)).

[27] *Id.* at 212. In *Triplett*, the Fifth Circuit also noted that because the district court considered material outside the pleadings in deciding the motion, the district court "should have converted the Rule 12(b)(6) motion for dismissal into a Rule 56 motion for summary judgment and observed the procedural requirements that Rules 12(b) and 56 prescribe." *Id.* (citing *Auster Oil & Gas v. Stream*, 764 F.2d 381, 390 n. 9 (5th Cir. 1985)). Here, the Court does not consider any material outside the pleadings. Accordingly, the Court will treat the motion as a Rule 12(b)(6) motion to dismiss.

[28] Rec. Doc. 11-1 at 5.

[29] *See Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) *("*Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

[30] *See Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) ("It is well established that Rule 12(b)(6) dismissals are made on the merit.").

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[31] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[32] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[33] The Fifth Circuit has stated that "[w]hile a statute-of-limitations defense may be raised in a motion to dismiss under [Rule] 12(b)(6), such a motion should not be granted unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[34] "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto."[35]

As discussed above, the Complaint and the attachments thereto clearly show that Plaintiff filed the instant case almost six months after receiving notice of the Appeals Council's decision. Additionally, Plaintiff pleads no facts to show any extraordinary circumstances or equities that would render equitable tolling appropriate here. Furthermore, Plaintiff had an opportunity to respond the motion to dismiss and to object to the Magistrate Judge's report and recommendation to assert such facts, but she has failed to do so. Therefore, because it appears beyond dispute that this case was not timely filed and there are no facts Plaintiff could prove in support of her claim that would entitle her to relief, the Court will grant Defendant's motion to dismiss.

Accordingly,

---

[31] Fed. R. Civ. P. 12(b)(6).

[32] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[34] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).

[35] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

**IT IS HEREBY ORDERED that** the Court **ADOPTS** the Report and Recommendation **IN PART** to the extent it recommends that this action be dismissed. The Court **REJECTS** the Report and Recommendation **IN PART** to the extent it recommends dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IT IS FURTHER ORDERED** that "Motion to Dismiss the Plaintiff's Complaint as Untimely," is **GRANTED IN PART** to the extent that it seeks dismissal of this action as untimely. The motion is **DENIED IN PART** to the extent it seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6) because it was not timely filed.

**NEW ORLEANS, LOUISIANA,** this __12th__ day of December, 2019.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**